UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DONNIE WAYNE MORGAN II, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:23-CV-110-KAC-CRW ) |
| SULLIVAN COUNTY CORRECTIONAL FACILITY, SHERIFF JEFF CASSIDY, CAPTAIN DILLARD, and SULLIVAN COUNTY SHERIFF'S OFFICE, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner of the Sullivan County Jail, filed (1) a pro se Complaint for violation of 42 U.S.C. 1983 arising out of his housing assignments during his incarceration [Doc. 1], (2) an unsigned supplement to the Complaint [Doc. 4], and (3) a motion for leave to proceed *in forma pauperis* [Doc. 5]. Shortly thereafter, Plaintiff filed a motion asking the Court to dismiss this action [Doc. 6] and requesting that the Court not assess him with the filing fee [*id.* at 1]. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5]. And the Court **GRANTS** Plaintiff's motion to dismiss [Doc. 6] **in part**—dismissing this action but assessing the filing fee, as required by law.

I. **FILING FEE**

In his motion to dismiss [Doc. 6], Plaintiff asks the Court to "drop[]" this lawsuit in part because "[he] can't afford to pay a filing fee" [*See* Doc. 6 at 1]. However, the Sixth Circuit has held that "[s]ection 1915(b)(1) compels the payment of the respective fees at the moment the complaint . . . is filed." *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (citations omitted), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). "[S]ubsequent

dismissal of the case does not negate this financial responsibility." *See id*. Thus, the Court **DENIES** Plaintiff's motion to dismiss this action [Doc. 6] **in part** to the extent that it asks the Court not to assess the filing fee that is required by law. However, it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5] that he cannot afford to pay the filing fee in a lump sum. Accordingly, the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5].

Plaintiff is **ASSESSED** the civil filing fee of three hundred fifty dollars ($350.00). The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account **shall** submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full $350.00 filing fee as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). To ensure compliance with this fee-collection procedure, the Court **DIRECTS** the Clerk to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order **shall** be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. REQUEST TO DISMISS ACTION

In his motion to dismiss, Plaintiff requests that this lawsuit be "dropped" because he does not "want to continue this law suit [sic] at all" [Doc. 6 at 1]. Under Federal Rule of Civil Procedure 41(a)(2), the Court may dismiss an action "on terms that the court considers proper." *See* Fed. R. Civ. P. 41(a)(2). Here, no defendant has been served. Hence no defendant would be prejudiced by dismissal of the action. And Plaintiff has made clear that he does not wish to proceed with this action. Accordingly, the Court **GRANTS** Plaintiff's request to terminate this action and dismisses this action. *See* Fed. R. Civ. P. 41(a)(2).

## III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5]. And the Court **GRANTS** Plaintiff's motion to dismiss [Doc. 6] **in part**—dismissing this action but assessing the filing fee, as required by law. Further, the Court **CERTIFIES** that any appeal from the dismissal of this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Accordingly, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**SO ORDERED. AN APPROPRIATE JUDGMENT SHALL ENTER.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge